PAUL v. VAN DA LINDA et al.

(Supreme Court, General Term, First Department. December 29, 1890.)

1. PARTNERSHIP NOTE—ACTION ON—MARRIED WOMAN.
    The complaint in an action on a promissory note signed in the name of a firm, alleged that defendants were copartners under that name and made and delivered the note to plaintiff. One defendant, a married woman, answered, not denying these allegations, but setting up that the note was made and delivered by her copartner, without her consent, and not in the course of their business nor for any debt owing by the firm. Held, that the production of the note at the trial was sufficient, in the first instance, to entitle plaintiff to maintain the action, without proof that the note had been made in the business of the firm; a married woman having the power, under Laws N. Y. 1884, c. 381, to contract as if unmarried; in relation to her separate estate or business or otherwise.

2. WITNESS—CREDIBILITY—DIRECTION OF VERDICT.
    The cross-examination of a witness showed that his testimony was at variance, in material respects, with that given by him on a previous examination under oath as to the same transactions. Held, that it was error to direct a verdict on his testimony.

Appeal from circuit court, New York county.

Action by Ellen Paul, individually and as executrix of her deceased husband, against Augustus P. Stevens and Julia Van Da Linda. The defendant Van Da Linda answered the complaint, and at the trial a verdict was directed in her favor. Plaintiff appeals from the judgment for defendant Van Da Linda entered on the verdict, and from an order denying a motion for a new trial. For former report, see 10 N. Y. Supp. 442.

Argued before BRADY, P. J., and DANIELS, J.

Coleridge & Hart, for appellant. A. Simmis, Jr., for respondent.

DANIELS, J. The action was brought to recover by the plaintiff in her own behalf and as executrix of the estate of her deceased husband the amount of a promissory note given to her on the 12th of October, 1885, for the sum of $2,500. This note was subscribed with the name of A. P. Stevens & Co., and it was alleged in the complaint that the firm of A. P. Stevens & Co. consisted of Augustus P. Stevens and Julia Van Da Linda, the respondent. The complaint alleged that they were associated in business as copartners under that name at the city of Brooklyn on the 12th of October, 1885, and made the note in suit, whereby they promised to pay, at 74 Court street, on demand after the date thereof, to the plaintiff or order $2,500 for value received, and delivered the note to the plaintiff. The answer of the defendant Van Da Linda

did not deny these allegations contained in the complaint. The only denial contained in the answer was the want of knowledge as to the division which was alleged should be made of the amount of the note between the plaintiff individually and as executrix. A further defense was interposed by the answer that the note had been made by Stevens and delivered to the plaintiff without the consent of this defendant, Van Da Linda, and that it was not given by him in the course of the business in which they were engaged, nor for any debt owing by the firm of Stevens & Co., and that she was not indebted to the plaintiff either individually or as executrix. The failure to deny the making and delivery of the note by the firm to the plaintiff, together with its production by her upon the trial, was presumptive evidence in her favor, entitling her in the first instance to maintain the action for the recovery of the amount unpaid upon the note; for, by not denying these allegations of the complaint, the partnership was in fact admitted, and so was the making and delivery of the note, and the legal presumption upon its production, although it was not stated in the note to have been given for value received, was that it was founded upon a good consideration. 1 Pars. Notes & B. (2d Ed.) 175; *Anthony* v. *Harrison*, 14 Hun, 198, 217; *Bottum & Scott*, 11 N. Y. St. Rep. 514. It was not necessary to proceed further to make out the plaintiff's case by actual proof of the fact that the note had been made in the business of the company, for, prior to the time when it was made, chapter 381 of the Laws of 1884 had gone into effect, providing that a married woman, as this defendant was at the time the note was given, may contract to the same extent and with like effect and in the same form as if unmarried, and that she and her estate shall be liable thereon, whether the contract relates to her separate business or estate or otherwise, and that a charge upon her separate estate shall not be necessary to create that liability. The case accordingly was *prima facie* made out by the pleadings and the production of the note in evidence.

The burden was then upon the defendant Van Da Linda, under her answer, to prove that this note was not given in the course of the business of the partnership, or for any liability existing against the firm. And, to sustain that defense, the other member of the firm was produced and examined as a witness in her behalf, and his testimony was to the effect that this note was given to the plaintiff on account of a debt owing from the husband of the defendant Van Da Linda to her, for money which had been loaned and advanced by her, and put into this business, when he himself was a partner with the other defendant, Augustus P. Stevens; that she was not present at the time when the note in suit was given; did not authorize it, and in no manner had sanctioned the use of the firm name for this object; and it was upon the testimony given by this witness that the verdict was directed at the trial. But, in the course of the cross-examination of this witness, it was shown that he had been previously sworn and examined concerning these transactions, and that the evidence given by him was at variance with that which was obtained from him on this trial. These contradictions of his testimony given upon the trial were material and tended to reduce his credit as a witness in the statements which he made, and that so far impaired the strength of his evidence as to require it to be submitted to the jury. If he was right in what he testified to, that the note was not given for the firm indebtedness, or for any liability of the defendant Van Da Linda, and without her assent or authority, then it was not binding upon her. But whether this was the fact or not was for the jury to decide. The defense was not so fully made out as justified the withdrawal of the case from the jury, and the plaintiff's counsel requested the court to submit it to the jury. That request was denied, and an exception taken to the denial. The exception appears to have been well taken under this state of the evidence, and the judgment and order should be reversed, and a new trial directed, with costs to the appellant to abide the event.